IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JERAMI DAVID POTTS,

   Plaintiff,

  v.

DAVID P. STEINER, U.S. Postal
Service Postmaster General,

   Defendant.

Case. No. 6:26-cv-00432-MC

OPINION & ORDER

MCSHANE, Judge:

  Plaintiff Jerami David Potts, proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 against David P. Steiner, Postmaster General of the U.S. Postal Service. Compl., ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis* in this action. ECF No. 2.

  The Court screens the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff fails to state a claim and the Court finds amendment of the Complaint would be futile, Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is DENIED, and the Complaint (ECF No. 1) is DISMISSED without leave to amend.

## SUMMARY OF FACTUAL ALLEGATIONS

  On March 5, 2026, Plaintiff filed a form Complaint for Employment Discrimination and accompanying exhibits. Plaintiff's allegations of are at times cut off in the Complaint filed with

1 – OPINION & ORDER

the Court, as noted in the following.

Plaintiff indicates his claims for discrimination is brought pursuant to Title VII and "other federal law," including for "retaliative wrongful termination times three," and under "relevant state law" for "payroll discrepancy, [and] same as above." Compl. 3. Plaintiff then indicates he suffered discriminatory conduct in the form of "termination of my employment," "unequal terms and conditions of my employment," "retaliation," as well as "[o]ther acts," which Plaintiff lists as "missing wages, fired for retaliative reasons of hearsay." *Id.* at 4. Plaintiff also checks the box indicating, "defendant(s) . . . is/are still committing these acts against me." *Id.* When prompted to indicate the basis of the discrimination he suffered, Plaintiff does not check a box for any of the provided categories, including "race," "color," "gender/sex," "religion," "national origin," "age," and "disability of perceived disability," and instead writes "[his] 'new' manager sp[o]ke on the phone to my previous [manager]." *Id.* (document is cut off).

Plaintiff describes the circumstances of his termination in October 2024. Compl. 5. Plaintiff was to begin work in Bend, Oregon on October 5, 2024. *Id.* However, he alleges his manager failed to properly arrange for his required training in Portland, Oregon. *Id.* Plaintiff attempted to attend his required training but was turned away. *Id.* He further explains how his vehicle broke down on his trip back to Bend, delaying his return. *Id.* Nevertheless, Plaintiff reported to his manager upon his arrival that he would return to training the following week. *Id.* Plaintiff alleges his manager instead told him, "NO[,] I just got off phone with your old manger and she said that you had done this kind of stunt previously," and "terminated [him] immediately." *Id.* (document is cut off); *id.* at 6 (referring to "allegations of the [B]end managers").

Plaintiff received a Notice of Right to Sue on January 24, 2026. ECF No. 1-4.

2 – OPINION & ORDER

## LEGAL STANDARD

### I.     Proceedings *in forma pauperis*

This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate that the litigant is unable to pay court fees. 28 U.S.C. § 1915(a)(1); *O'Loughlin*, 920 F.2d at 617. A Court must also assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

### II.    Pleading Standard

When screening a complaint for failure to state a claim under § 1915(e)(2)(B), the Court applies the same standard it applies to a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citation omitted). The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

In addition, Rule 12(b)(6) is read in conjunction with Rule 8(a). *Zixiang Li v. Kerry*, 710 F.3d 995, 998–99 (9th Cir. 2013). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise,

3 – OPINION & ORDER

and direct." Fed. R. Civ. P. 8(a), (d). "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation omitted). Rule 8 may be violated not only when a pleading "says too little," but also "when a pleading says too much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding dismissal pursuant to Rule 8 of "confusing, distracting, ambiguous, and unintelligible pleadings"). "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996).

## **DISCUSSION**

### I.    **Plaintiff did not timely exhaust his claims.**

A federal employee asserting discrimination or retaliation in violation of the Rehabilitation Act "must initiate contact with a[n] [EEOC] Counselor within 45 days of the date of the [action] alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105; 42 U.S.C. § 2000e-5(f)(1). "Failure to comply with this regulation is 'fatal to a federal employee's discrimination claim.'" *Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003) (quoting *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002)); *Gipaya v. Dep't of the Air Force*, 345 F. Supp. 3d 1286, 1295 (D. Haw. 2018), *aff'd sub nom. Gipaya v. Barrett*, 803 F. App'x 111 (9th Cir. 2020). Though Plaintiff checks the box indicating "defendant(s) . . . is/are still committing these acts against me" (Compl. 4), merely asserting a violation is a "continuing violation" does not eliminate the exhaustion period where the alleged adverse employment action is nevertheless a discrete action, such as termination. *Cherosky*, 330 F.3d at 1247–48 (quoting *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 533 (5th Cir. 1986)); *see also Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 748 (9th Cir. 2019) ("continuing effect is

4 – OPINION & ORDER

insufficient to constitute a continuing violation"). Meanwhile, "hostile environment claims are different in kind from discrete acts," arising instead from "non-discrete acts" such as offensive comments, name-calling, and insults over time. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–15 (2002). A plaintiff alleging a hostile work environment can state a claim based on non-discrete acts beyond the statutory exhaustion period, so long as the same hostile work environment persists into, and "at least one act falls within," the exhaustion period. *See id.* at 122; *see also Farrens v. Esper*, 806 F. App'x 539, 542 (9th Cir. 2020).

Plaintiff alleges he was discriminated against on October 5, 2024. Compl. 4. His attached documents state he was terminated on or about October 15, 2024. *See* ECF No. 1-3 at p.11–12. Plaintiff indicates he filed a charge with the EEOC on February 28, 2025. Compl. 5. This is more than 45 days after his alleged date of discrimination. Indeed, it is far later than 45 days after Plaintiff's alleged date of termination—and therefore any potential discrete act or instance of a hostile work environment—which would fall on or about November 29, 2024.[1] Accordingly, Plaintiff's claims are not actionable and must be dismissed.[2] *Morgan*, 536 U.S. at 112–13.

---

[1] A court's review on a motion to dismiss is generally limited to the plaintiff's complaint. *See* Fed. R. Civ. P. 12(b)(6), (d). However, a court may review materials "attached to the complaint," "incorporated by reference" into the complaint, or subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court may take judicial notice of indisputable adjudicative facts, which include "records and reports of administrative bodies." *Id.* at 909 (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)). A court may therefore consider administrative records and documents submitted in an underlying administrative proceeding in reviewing a motion to dismiss in a Rehabilitation Act case. *See, e.g.*, *Baughn v. Driscoll*, 2025 WL 3653954, at *3 (D. Or. Dec. 17, 2025). Here, the Court takes judicial notice of the EEOC Decision on appeal of Plaintiff's EEOC Complaint, which also found Plaintiff's claims were not timely exhausted and affirmed the decision below on this basis: *Moshe C. v. U.S. Postal Service*, EEOC Appeal No. 2025003503, 2025 WL 3700889 (Sept. 23, 2025). The EEOC Decision in Plaintiff's appeal recites different dates than the Complaint that nevertheless do not reflect timely exhaustion. The EEOC Decision states, "[o]n November 20, 2024, [Plaintiff] was terminated due to his failure to report for orientation due to his truck breaking down," and, "[o]n April 8, 2025, Complainant made initial EEO counselor contact." April 8, 2025 is far more than 45 days after the date of Plaintiff's termination and therefore any instance of alleged discrimination or retaliation he could have faced during his employment.

[2] Though equitable tolling may apply to administrative exhaustion requirements, it must be applied sparingly. *See Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984) (*per curiam*) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). Plaintiff nowhere suggests equitable tolling would salvage his failure to timely exhaust and the Court has not identified any basis for tolling here. *See, e.g.*, *Massey-Nino v. Donovan*, 2014 WL 3964951, at *2–3 (D. Or. Aug. 10, 2014); *Ebalu v. Portland Police Bureau*, 2022 WL 4599186, at *2 (D. Or. Sept. 29, 2022).

5 – OPINION & ORDER

## II.    **Plaintiff fails to state a claim.**

Even if Plaintiff's claims were timely exhausted, the Complaint fails to state a claim.

### A. **Discrimination**

To establish a prima facie case of discrimination under Title VII, Plaintiff "must offer evidence that 'give[s] rise to an inference of unlawful discrimination,'" either through the framework set forth in *McDonnell Douglas Corp. v. Green* or with direct or circumstantial evidence of discriminatory intent.'" *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003) (as amended) (quoting *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981)). Under *McDonnell Douglas,* a plaintiff can create a presumption of unlawful discrimination by showing, "(1) she belongs to a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably." *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir. 1998) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Plaintiff's recitation of facts is cut off in the Complaint filed with the Court (Compl. 6), but neither this excerpt nor his attached materials contain reference to any protected class to which Plaintiff belongs or a "nexus" between alleged discrimination and employment actions. *Vasquez*, 349 F.3d at 640. Indeed, when prompted to identify the basis of discrimination, Plaintiff did not select from the choices of race, color, gender/sex, national origin, age, or disability or perceived disability, and instead wrote, "My 'new' manager sp[o]ke on the phone to my previous [manager]." Compl. 4 (document is cut off); *see also* ECF No. 1-9 at p.2 ("I was terminated a third time after my Bend supervisor, Louis, contacted my previous Bend supervisor, Elaynea Redd[.]"); ECF No. 1-3 at p.12. Even if Plaintiff had identified a protected class, Plaintiff's allegation alluding to a

6 – OPINION & ORDER

supervisor's "knowledge of prior conflicts" between Plaintiff and other supervisors "constitutes circumstantial evidence of discriminatory intent . . . insufficient to make out a prima facie case" of discrimination.[3] *Id.* In fact, the Complaint contains allegations suggesting Plaintiff's supervisors believed he was not acting according to his employer's expectations. Compl. 6 ("[Plaintiff] went to report to [his] manager what had happened and show him that [he] was returning to academy the following week. [T]he manager said [']NO I just got off phone with your old manger and she said that you had done this kind of stunt previously[.']").

## B. Hostile Work Environment

To the extent Plaintiff's indication of "[u]nequal terms and conditions of my employment" refers to a hostile work environment, he also fails to state a claim. *Morgan*, 536 U.S. at 116. To plausibly plead a hostile work environment under Title VII, a plaintiff "must allege that [they were] subjected to harassment because of" a protected characteristic, "and that the harassing 'conduct was sufficiently severe or pervasive to alter the conditions of [their] employment and create an abusive work environment.'" *Mattioda v. Nelson*, 98 F.4th 1164, 1174 (9th Cir. 2024) (quoting *Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 798 (9th Cir. 2003)); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993). A plaintiff must "allege a plausible causal nexus between the claimed harassment and [their] disabilities." *Mattioda*, 98 F.4th at 1175. "'[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious)' are not sufficient to create an actionable claim . . . but the harassment need not be so severe as to cause diagnosed psychological injury." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 687 (9th Cir. 2017) (alteration in original) (quoting *Faragher*, 524 U.S. at 788).

---

[3] Plaintiff also alleges that during a previous stint of employment in Redmond, Oregon, he had to use "other employees['] badges for [his] entire employment . . . which severely shorted [his] paychecks." This allegation is similarly not tied to necessary allegations to state a claim for discrimination. Compl. 6; ECF No. 1-9 at p.2. There is also no indication of exhaustion, as introduced previously.

7 – OPINION & ORDER

For the same reasons discussed above, Plaintiff cannot state a claim based on a hostile work environment, including by failing to tie any allegations of mistreatment connected to a protected characteristic. *See Vasquez*, 349 F.3d at 642–43. Furthermore, Plaintiff has not alleged "objectively and subjectively offensive" conduct that was "repeatedly" directed at him. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1096 (9th Cir. 2008); *see Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1031, 1037 (9th Cir. 1990) (finding no reasonable jury could find a hostile work environment, despite allegations employer posted a racially offensive cartoon, made racially offensive slurs, targeted Latinos when enforcing rules, provided unsafe vehicles to Latinos, did not provide adequate police backup to Latino officers, and kept illegal personnel files on plaintiffs because they were Latino).

## C. Retaliation

To establish a prima facie case of retaliation, an employee must show "(1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). Here, Plaintiff alleges he was "fired for retaliative reasons of hearsay between" current and former supervisors. Compl. 4 (document is cut off); *see also* ECF No. 1-9 at p.2. In addition to being conclusory, this allegation does not reflect protected activity by Plaintiff and is thus not actionable as retaliation under Title VII. Plaintiff does allude to "protected activity" in his attached materials, but these instances are also insufficient. ECF No. 1-4 at p.5. One instance Plaintiff references is a "Demand for Resolution Regarding Unlawful Termination, Wage Discrepancies, and Unsafe Working Conditions" submitted to the U.S. Postal Service, dated March 20, 2025. ECF No. 1-9 at p.2. This date is after Plaintiff's termination and thus his "Demand" could not possibly have a causal nexus with his termination or any other adverse employment action. Another instance is based on a screenshot of an email dated "Feb 14"

8 – OPINION & ORDER

of an unknown year showing an "automated response" to an email from Plaintiff to a "Freedom of information Act (FOIA) field office unit with the Equal Employment Opportunity Commission (EEOC)." ECF No. 1-2 at p. 2. Even assuming this was relevant protected activity, Plaintiff offers no allegations that any of his supervisors were aware of it, or that it occurred during his employment, such that a causal nexus could exist with his termination or any other adverse action. *See Bleeker v. Vilsack*, 468 F. App'x 731, 732 (9th Cir. 2012) (citing *Vasquez*, 349 F.3d at 640).

### D.  <u>State Law Claims</u>

Plaintiff indicates he is bringing claims under state law for "payroll discrepancy" and for the same issues as raised in his other claims. Compl. 3. These claims must fail for multiple reasons.

First, the Supremacy Clause may render certain state laws inapplicable to federal government employers. U.S. Const. art. VI, cl. 2. Even liberally construing the Complaint, it is not clear what state law claims Plaintiff asserts, but at least some appear preempted by federal law. *See Charles v. Garrett*, 12 F.3d 870, 873 (9th Cir. 1993) ("A federal employee's exclusive remedy to challenge discriminatory employment practices in the federal government is Section 717 of Title VII of the Civil Rights Act[.]").

In addition, the Court lacks subject matter jurisdiction over generalized state law claims here. Federal courts "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki* 562 U.S. 428, 434 (2011). The Court has jurisdiction under 28 U.S.C. § 1331 for Plaintiff's claims arising under federal law, but for supplemental jurisdiction to exist over accompanying state law claims under 28 U.S.C. § 1367, the state law claims must arise from "a common nucleus of operative fact" as a federal claim. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Having found Plaintiff's federal law claims are subject to dismissal, there is no source of jurisdiction for state law claims.

### III.    Leave to amend is not appropriate here.

Finally, although leave to amend is to be granted freely, the Court is convinced that any amendment here would be futile. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). To assess futility of further amendment, the Court considers whether "deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). First, it appears extremely unlikely Plaintiff could cure his failure to timely exhaust his claims. Second, even if he could cure that deficiency, Plaintiff's allegations describe a disagreement regarding his work responsibilities and whether he followed those responsibilities—Plaintiff may feel wronged, but aside from conclusory assertions of discrimination (*e.g.*, Compl. 8 ("This termination, based on hearsay, appears to be discriminatory.")), his factual allegations have not established any discrimination whatsoever. Amendment consistent with the allegations of the Complaint would be futile. Accordingly, Plaintiff's Complaint is dismissed with prejudice and without leave to amend.

## CONCLUSION

As explained, Plaintiff's Complaint fails to state a claim and amendment is futile. Accordingly, Plaintiff's petition to proceed *in forma pauperis* (ECF No. 2) is DENIED and the Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.  All other pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 13th day of April, 2026.


_____/s/ Michael McShane_____
Michael McShane

10 – OPINION & ORDER

United States District Judge

11 – OPINION & ORDER